**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEON BULLOCKS, Jr., | No. 10-16609 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00542-RLH-GWF |
| v. | |
| CITY OF LAS VEGAS DETENTION CENTER and KAREN COYNE, Chief Director, City of Las Vegas Detention Center, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Leon Bullocks, Jr., a former detainee at the City of Las Vegas Detention

Center, appeals pro se from the district court's summary judgment in his 42 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1983 action alleging that he suffered health problems from poor ventilation in his unit. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the decision to grant summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2006), and may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Summary judgment on Bullocks's deliberate indifference claim was proper because he failed to raise a triable dispute as to whether defendants consciously disregarded an excessive risk to his health where the evidence showed that they responded to his complaints, prescribed him medicine, and granted his request for a transfer to a new unit. *See Toguchi*, 391 F.3d at 1057 (setting forth standard for Eighth Amendment deliberate indifference claim); *Carnell*, 74 F.3d at 979 (noting that pretrial detainee's Fourteenth Amendment deliberate indifference claim is analyzed under the same standard as such a claim under the Eighth Amendment).

The district court did not abuse its discretion in denying Bullocks's motions to compel discovery because he failed to serve any proper or timely discovery requests. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). To the extent that Bullocks sought a continuance of the summary judgment motion to conduct discovery and amend his opposition, the request was properly denied because Bullocks failed to show that he "diligently pursued" prior discovery opportunities

or that allowing additional discovery would "preclude[] summary judgment."

*Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994).

**AFFIRMED**.